## Briggs' Estate

Before Lamorelle, P. J., and Gest, Van Dusen, Stearne, and Sinkler, JJ.

*John Garaguso* and *George Maxman*, for exceptants.

*A. Bernard Salben, Saul, Ewing, Remick & Saul* and *Samuel Gordon*, contra.

LAMORELLE, P. J., October 26, 1934.—The question presented at the audit and which is the subject of the present exceptions is whether or not, where there is a legacy to persons by name, four cousins of testatrix, followed by the words, "and unto their respective heirs, executors, administrators and assigns forever", such legacy vests in the heirs or next of kin of two of the named legatees who died in the lifetime of testatrix.

The auditing judge awarded the legacies, embodied in the residuary estate, to the legatees who survived testatrix, ignoring the two who predeceased her and holding that the heirs or next of kin had no standing.

The matter was thoroughly considered by the auditing judge, but in view of the excellent brief presented on behalf of the exceptants we deem it advisable, after giving the matter proper consideration, to enlarge to some extent.

In Gaumer's Estate, 27 Dist. R. 337, the testatrix, after directing a division of her estate into seven equal parts or shares, gave one thereof to her sister-in-law, L., "and her heirs and assigns." Following cases therein cited, the court said: "It is a rule of property, sustained by a long line of authorities, that the word 'heirs' is to be construed as having been used in its ordinary sense as a word of limitation, unless the will shows clearly that the testator intended to give the word some other meaning. As an examination of the will before us does not clearly disclose any such intent, we must construe the word 'heirs' as

having been used in its ordinary sense: Barnett's Appeal, 104 Pa. 342, 348; Wettach *v.* Horn, 201 Pa. 201. The exceptions are dismissed."

In Richardson's Estate, 16 D. & C. 296, Judge Sinkler considers the question herein involved at great length, with many citations of authority. He shows the distinction to be drawn between the expressions "and my heirs" and "or my heirs", and in that case, the gift being to a cousin by name, "her heirs, executors and administrators", it was held that these words determined the quantum, being words of limitation and not of purchase. The adjudication was confirmed in an opinion by Judge Van Dusen.

In Collins' Estate, 9 D. & C. 520, where the gift was to a number of named persons, "their heirs, executors, administrators and assigns", it was held that there was no lapse because from other clauses of the will it was evident that the words were used as of purchase and not of limitation.

In the instant case, there being nothing in the will relevant, we do not see how we can depart from well-accepted authority.

The exceptants, however, urge that the words "and unto" import a substitutionary gift,—this on the theory that no words in a will are to be ignored where the intention of testator is concerned. "To" and "unto" have practically one and the same meaning, although "unto" is more scriptural than "to". The gift, however, would be the same as if one should say, "I give" X thus and so. "To" and "unto" add nothing; nor does the word "and" help contestants, because in Gaumer's Estate, supra, the words used are *"and* her heirs and assigns". That case we consider a binding authority. Furthermore, the use of the word "assigns" is pertinent because, as said by Judge Gest in Collins' Estate, supra, it assumes that the legatee will survive, for otherwise it would not be possible for him to assign his legacy. Had, however, the gift been to the legatee "or his heirs", there would be substantial ground for holding the gift to be substitutionary: See Jarman on Wills (7th ed.) 1287.

It is true, as counsel contends, that "or" is sometimes interpreted as "and", and "and" as "or", but there must be something in some other clause of a will showing an intent for us to take away from "and" its real and correct meaning.

In view of the authorities and of the phraseology of the will now under discussion, we are all of opinion that the learned auditing judge did not err in his interpretation, and accordingly all exceptions are dismissed, and the adjudication is confirmed absolutely.